```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

MAGNUM HUNTER                    )
RESOURCES CORPORATION,           )
                                 )
      Plaintiff,                 )      Civil Case No.
                                 )      5:12-cv-70-JMH-REW
v.                               )
                                 )      **MEMORANDUM OPINION**
HALL, KISTLER &                  )           **AND ORDER**
COMPANY, LLP,                    )
                                 )
      Defendant.                 )
```

                              ***

This matter is before the Court upon Motions in Limine filed by Defendant. Defendant has filed a Motion to Exclude any Evidence of Defendant's PCAOB Inspection Reports and Violations Contained Within [D.E. 72], a Motion to Limit Evidence of Gold Mine Asset Retirement Obligation (ARO) Testimony [D.E. 73], a Motion to Exclude Gary Evans' Speculative Damages Testimony [D.E. 74], and a Motion to Preclude the Use of Magnum Hunter's ARO as Evidence of the Correct Value of NGAS' ARO [D.E. 75]. Having been fully briefed, and the Court being otherwise sufficiently advised, these motions are ripe for review.

**A. Motion to Exclude any Evidence of Defendant's PCAOB Inspection Reports and Violations Contained Within**

Defendant seeks to exclude reports issued by the Public Company Accounting Oversight Board (PCAOB) as to Defendant Hall Kistler & Company, LLP for inspections performed in the years

2006, 2010, and 2012. Defendant claims that the reports are not relevant, the use of the reports would confuse and mislead the jury, the reports cannot be used to establish general negligence, the 2012 inspection is not yet complete, the 2012 inspection does not address any of the alleged instances of negligence in this case, and, finally, that the probative value of the reports is substantially outweighed by the danger of unfair prejudice.

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The inspections performed by the PCAOB in 2006 and 2010 do not include a review of any work prepared by Defendant that gives rise to this action, and do not include a review of any work performed by Defendant on Plaintiff's behalf. Therefore, the reports issued by the PCAOB for the inspections performed in 2006 and 2010 are not relevant to this suit.

However, the report issued pursuant to the inspection performed in 2012 deals with the particular audit at issue in this case. This report details whether Defendant employed the proper procedures when preparing the audit of NGAS' financial statements. Therefore, the report issued by the PCAOB pursuant to the inspection performed in 2012 is relevant and does not go to whether Defendant was "generally negligent," but to whether

2

Defendant maintained the proper procedures during the audit giving rise to Plaintiff's cause of action.

The probative value of the PCAOB report issued pursuant to the 2012 inspection is not substantially outweighed by unfair prejudice. *See United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996) (citing *United States v. Mullins*, 22 F.3d 1365, 1373 (6th Cir. 1994)) ("Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403."). This report is highly probative as it describes whether Defendant employed the proper accounting procedures in performing the audit of NGAS' financial statements. Any unfair prejudice that may result from the introduction of the report does not substantially outweigh the highly probative nature of this evidence.

**B. Motion to Limit Evidence of Gold Mine ARO Testimony**

Defendant moves to limit the evidence of the cost of closing the gold mine to the testimony of David Krueger, Magnum Hunter's former Chief Accounting Officer. Defendant claims that any evidence from an unnamed, previously unidentified Redstar representative would constitute unfair surprise. Plaintiff does not challenge this Motion, except that it asserts it should be allowed to present evidence of the damages through its accounting expert, Jim Tencza.

In its Motion for Summary Judgment, Defendant challenged Plaintiff's damage calculation for closing the gold mine, claiming it had no basis for its damages calculation. [D.E. 54 at 35]. Plaintiff responded by citing to its expert, Jim Tencza, and his opinion that $2 million was a reasonable estimate of liability. [D.E. 60 at 30]. The Court, in ruling on the summary judgment motion, found that "[w]hile Hall Kistler disagrees with Tencza's opinion, this is ultimately an issue for the jury." [D.E. 64 at 15]. Thus, as Defendant is aware of this expert opinion, Jim Tencza shall be permitted to testify as to the damages calculation for closing the gold mine. However, Plaintiff is precluded from presenting previously undisclosed testimony as to the damages for closing the gold mine, including that of an unnamed, previously unidentified Redstar representative.

**C. Motion to Exclude Gary Evans' Speculative Damages Testimony**

Defendant moves to prevent Gary Evans from testifying that Plaintiff would not have purchased NGAS, or would have paid a different amount for NGAS if the financial statements had been accurate, claiming this amounts to speculation. Plaintiff asserts that Evans' testimony that Plaintiff would have paid $14 million less for NGAS is not speculation because it is dollar

for dollar the overstatement on NGAS' financial statements, and because this testimony goes to the element of reliance.

Any testimony by Gary Evans as to the exact amount Plaintiff would have paid to purchase NGAS had the financial statement been accurate amounts to rank speculation. "Proof of damages must be based on factual evidence, not on mere speculation." *Agacinski v. Zamborowski*, 972 F.2d 346, 1992 WL 184580, at *4 (6th Cir. Aug. 4, 1992). Accordingly, Evans may not testify as to the exact amount Magnum Hunter would have paid for NGAS had the financial statements been accurate. *See Elyria-Lorain Broad. Co. v. Lorain J. Co.*, 298 F.2d 356, 360 (6th Cir. 1961) ("[A] witness may not testify to what he would have done had the situation been different from what it actually was."). Evans may be permitted to testify that Plaintiff would have paid a lower value for NGAS had it known its assets were not as great as was represented in the financial statements. However, the exact amount Plaintiff would have offered and the exact amount the Board of Magnum Hunter would have approved had the circumstances been presented differently is pure speculation.

Testimony by Gary Evans that Magnum Hunter would not have purchased NGAS had they known the true nature of NGAS' financial statements is not relevant to this action. Plaintiff, through a claim of negligent misrepresentation, seeks recovery of damages based upon the overstatement of NGAS' assets in its financial

5

statements that Defendant failed to discover and correct. Plaintiff is not attempting to rescind its purchase of NGAS, but is seeking to recover for what it claims was an overpayment due to Defendant's breach of a duty. Therefore, testimony that Plaintiff would not have agreed to purchase NGAS if it had known the true nature of NGAS' assets is not relevant to the issues before this Court.

**D. Motion to Preclude the Use of Magnum Hunter's ARO as Evidence of the Correct Value of NGAS' ARO**

Defendant moves to preclude the use of Magnum Hunter's ARO as evidence of the correct value of NGAS' ARO. Plaintiff claims damages, in part, because NGAS improperly calculated its ARO and Defendant failed to remedy the improper calculation when performing the audit of NGAS' financial statements.

According to Plaintiff's expert, Jim Tencza, and cited by Defendant's memorandum in support of its motion, ARO is properly calculated by using a formula with many different factors, including the proper discount rate. [D.E. 60-2 at 12-13; 75-1 at 1]. Defendant claims that testimony about Plaintiff's ARO should be excluded because Plaintiff and NGAS would have had different discount rates. Thus, the ARO that would have been carried on the books of each company would have differed.

While Defendant may be correct that different discount rates would impact the ARO calculation, and, thereby, damages,

6

this is an issue best suited for cross-examination. Furthermore, in ruling on Defendant's summary judgment motion, the Court stated that "Magnum Hunter has come forward with sufficient evidence to present the issue of oil and gas well ARO damages to the jury." [D.E. 64 at 14]. Thus, Defendant is free to question witnesses on the difference in the discount rate between the two companies, but Plaintiff is also free to present evidence of damages calculations as to the AROs, including Magnum Hunter's ARO for the oil and gas wells purchased from NGAS.

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Defendant's Motion to Exclude any Evidence of Defendant's PCAOB Inspection Reports and Violations Contained Within [D.E. 72] be, and the same hereby is, **GRANTED IN PART**, in so far as the PCAOB reports relating to the 2006 and 2010 inspections are excluded, and **DENIED IN PART**, in so far as the PCAOB report relating to the 2012 inspection is admissible;

(2) that Defendant's Motion to Limit Evidence of Gold Mine Asset Retirement Obligation Testimony [D.E. 73] be, and the same hereby is, **GRANTED IN PART**, in so far as no evidence from a previously unnamed, unidentified party may be introduced, and **DENIED IN PART**, in so far as Jim Tencza may be permitted to testify on the gold mine asset retirement obligation;

(3) that Defendant's Motion to Exclude Gary Evans' Speculative Damages Testimony [D.E. 74] be, and the same hereby

7

is, **GRANTED IN PART**, in so far as Evans may not testify as to the exact amount less that Magnum Hunter would have paid for NGAS had the financial statements been accurate or that Magnum Hunter would not have purchased NGAS, and **DENIED IN PART**, in so far as Evans may testify that Magnum Hunter would have paid less for NGAS;

(4) that Defendant's Motion to Preclude the Use of Magnum Hunter's Asset Retirement Obligation as Evidence of the Correct Value of NGAS' Asset Retirement Obligation [D.E. 75] be, and the same hereby is, **DENIED**.

This the 13th day of November, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge